IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK LARKIN,

                      Petitioner,

                                                    ORDER

     v.

                                                 09-cv-146-bbc

JOSEPH NORHOOD, Warden,
United States Penitentiary,
Victorville, California,

                      Respondent.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Mark Larkin, an inmate at the United States Penitentiary in Victorville, California, has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his federal sentence, as enhanced by an allegedly unlawful prior 1981 conviction in state court. He has paid the $5 filing fee.

      On September 19, 1995, petitioner was found guilty of bank robbery and related charges in the United States District Court for the Middle District of Florida and sentenced

---

[1] Petitioner named the "State of Wisconsin" as respondent. However, under 28 U.S.C. § 2242, the proper respondent is "the person who has custody over" petitioner. I have amended the caption accordingly. Although petitioner's custodian is in California rather than Wisconsin, suggesting that venue may not be proper in this court, questions of venue may be waived. Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004).

1

to 405 months in prison. The sentencing judge enhanced petitioner's sentence because petitioner had been convicted of burglary and delivery of a controlled substance in the state of Wisconsin in 1981. Although petitioner completed his state sentence in 1993, he alleges that he was denied the assistance of counsel on direct appeal in the state court action. In 2007, petitioner asked the state trial court to vacate his convictions, resentence him and reinstate his direct appeal right on the ground that his postconviction attorney had failed to file an appeal on his behalf. Petitioner's motion was denied on procedural and substantive grounds and became final on November 17, 2008, when the Wisconsin Supreme Court denied his petition for review.

Because petitioner is no longer "in custody" on his state conviction, he cannot bring a federal habeas petition under 28 U.S.C. § 2254 directed solely at that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Instead, he seeks to challenge his current federal custody as unlawful under the Constitution. 28 U.S.C. § 2241(c)(3). Ordinarily, however, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314

2

F.3d 832, 835 (7th Cir. 2002). Petitioner has not explained why he chose to bring his petition pursuant to § 2241 instead of § 2255.

I note that petitioner's one-year statute of limitations period for filing a § 2255 motion has passed. However, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.").

Because petitioner has failed to discuss why § 2255 was inadequate to challenge his federal sentence or to allege that his claims are ones of actual innocence, I will give him an opportunity to supplement his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Mark Larkin may have until April 27, 2009, to supplement his petition with a showing that a motion under 28 U.S.C. § 2255 would be

3

"inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by April 27, I will deny the petition for his failure to show that he is in custody in violation of federal law.

Entered this 13th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge