IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK LARKIN,

                Petitioner,

                                         OPINION AND ORDER

       v.

                                           09-cv-146-bbc

JOSEPH NORHOOD, Warden,
United States Penitentiary,
Victorville, California,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Mark Larkin, an inmate at the United States Penitentiary in Victorville, California, has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his federal sentence, as enhanced by an allegedly unlawful prior 1981 conviction in state court.  In an order entered on April 13, 2009, dkt. #4, I told petitioner that relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e).  Petitioner said nothing in his petition to explain why proceeding under § 2255 was inadequate to challenge his federal sentence, and he did not allege that his claims are ones of actual innocence, as he would have to do before he could employ § 2241 to challenge his

1

federal sentence.  I gave him until April 27, 2009, within which to supplement his petition.
Petitioner has filed a supplemental petition.  Dkt. #6.

As discussed in the previous order, petitioner was found guilty of bank robbery and
related charges on September 19, 1995, in the United States District Court for the Middle
District of Florida and sentenced to 405 months in prison.  The sentencing judge enhanced
petitioner's sentence because petitioner had been convicted of burglary and delivery of a
controlled substance in Wisconsin in 1981.  In 2007, after petitioner had completed his
state sentence, he brought a motion pursuant to Wis. Stat. § 976.04 in Wisconsin state
court, alleging that he had been denied the assistance of counsel on direct appeal in the state
court action.  State v. Larkin, Case Nos. 2007 AP 1646-1650, at ¶¶ 2-3, Consolidated Court
Automation Programs (CCAP), WI Supreme Court and Court of Appeals Case Access,
http://wcca.wicourts.gov (visited May 4, 2009).

In the April 13 order, I noted that because petitioner is no longer "in custody
pursuant to the judgment of a State court," he cannot bring a federal habeas petition
pursuant to 28 U.S.C. § 2254 directed solely at the 1981 conviction.  Maleng v. Cook, 490
U.S. 488, 492 (1989).  Although petitioner attempts to show that § 2254 applies in his case
because he was on parole from his state conviction at the time he was sentenced in federal
court, his argument cannot succeed.  Petitioner is correct that parole is a form of custody.
However, that custody has ended and cannot be used as the basis for the current petition.

2

In theory, the petition can be construed as asserting a challenge to the 1995 sentence, as enhanced by the allegedly unlawful prior 1981 conviction.  Construing the petition in this fashion would mean that petitioner would satisfy the "in custody" requirement with respect to his challenge of the 1995 sentence.  Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403 (2001).  However, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255.  Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that a petitioner must show that he is not able to obtain collateral review because "a structural problem in § 2255 forecloses even one round of effective collateral review."  Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).  In addition, a petitioner must show that "the claim being foreclosed is one of actual innocence."  Id.

In the supplement, petitioner argues that he did not raise the issue with respect to his 1981 conviction at the time of his federal sentencing because his attorney failed to research petitioner's earlier representation in connection with his prior conviction or even ask petitioner about it.  Petitioner alleges that the attorney representing him on appeal from his federal conviction had a conflict of interest and failed to raise the issues related to his 1981 conviction in his direct appeal.  According to petitioner, he then unsuccessfully tried to file

3

a pro se petition for certiorari in the United States Supreme Court in 1998 and "spent the next twelve months preparing his § 2255 motion." Dkt. #6 at 8. The § 2255 motion was dismissed on procedural grounds because he violated a local rule regarding page limits when he was forced to hand write his motion with a two-inch pencil while in segregation. Soon thereafter, petitioner's one-year statute of limitations period expired.

None of the circumstances that petitioner describes amounts to a "structural problem in § 2255" or presents "any fundamental error equivalent to actual innocence." <u>Taylor</u>, 314 F.3d at 836. A § 2255 motion was an available and effective remedy for petitioner to challenge his 1995 sentence, as evidenced by his attempt to bring such a motion. The fact that petitioner was denied relief under § 2255 does not make that statute "inadequate or ineffective." <u>In re Davenport</u>, 147 F.3d 605, 609 (7th Cir. 1998). Further, petitioner cannot now show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or because petitioner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). <u>Unthank v. Jett</u>, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); <u>Morales v. Bezy</u>, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to

lever his way into section 2241 by making his section 2255 remedy inadequate.")  Therefore, the petition will be reviewed under § 2255.

Because petitioner has already filed a previous § 2255 petition, he cannot file a successive petition without first obtaining permission to do so from the appropriate federal court of appeals.  28 U.S.C. § 2255(h); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition without awaiting any response from the government unless the court of appeals has given approval for the filing.")  Petitioner does not allege that he has sought or obtained such permission.  Therefore, the instant petition must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that petitioner Mark Larkin's motion brought pursuant to 28 U.S.C. § 2255, improperly titled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is DISMISSED for lack of jurisdiction.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5